# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-KA-00904-SCT

*ANDRE JERMAINE THOMAS a/k/a ANDRE THOMAS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/07/2017 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS, JR. |
| TRIAL COURT ATTORNEYS: | JASON MICHAEL JOSEF |
| | ALISON BRYANT BAKER |
| | GLENN F. RISHEL, JR. |
| | ROBERT GEOFFREY GERMANY, JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF THE STATE PUBLIC DEFENDER |
| | BY:  JUSTIN TAYLOR COOK |
| | GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: LISA L. BLOUNT |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 07/19/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., COLEMAN AND MAXWELL, JJ.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1.    A Harrison County jury found Andre Jermaine Thomas guilty of one count of felony

shoplifting.  Finding Thomas's arguments to be without merit, and finding no other arguable

issues in the record, we affirm Thomas's conviction and sentence.

**FACTS & PROCEDURAL HISTORY**

¶2.     Andre Jermaine Thomas and Anthony Ledet went to the Sam's Club in Gulfport, Mississippi, at around 8:00 p.m. on February 27, 2015. The store's surveillance video shows that Thomas and Ledet entered the store, walked to the electronics department, loaded two flat-screen television boxes onto a flat cart, and then pushed the cart past the cash registers to the store's exit. Sam's Club employee Chase Ladner was working at the store's exit door on the night in question and was tasked with checking customers' receipts as they left the store. As Thomas and Ledet approached Ladner, Ledet stepped away from the store's exit and feigned a heart attack. Ladner came to Ledet's aid, which allowed Thomas to exit the store without paying for the televisions.

¶3.     Devin Darby, the store's asset-protection manager, responded to a "code white" call for a health/injury concern at the store's exit door and observed Ledet sitting at a bench between the store's entrance and exit. Moments later, Darby was informed that someone may have taken some televisions from the store. Darby went to the parking lot to investigate and saw a man smoking a cigarette next to a car with two television boxes protruding from its trunk. Darby did not get a good look at the man's face because it was dark outside, but he noticed that the man was wearing a hat and a camouflage jacket. Darby asked the man if he needed help loading the televisions into his car, but company policy prevented him from asking to see the man's receipt for the televisions. After returning to the store, Darby checked the surveillance cameras and discovered that the man he had seen in the parking lot had taken the televisions from the store without paying for them.

2

¶4.     Ledet was transported to the hospital but was released on the same night. A few weeks later, Ledet was arrested and charged with felony shoplifting. Ledet admitted that Thomas had helped him steal the televisions, and he identified Thomas from a six-person photographic lineup. An officer with the Gulfport Police Department also identified Thomas from the surveillance footage due to his prior dealings with Thomas. Thomas was arrested and charged with shoplifting.[1] A Harrison County grand jury subsequently indicted Thomas for felony shoplifting in violation of Section 99-23-93(7) of the Mississippi Code.

¶5.     Two months prior to Thomas's trial, the State moved to amend Thomas's indictment to charge him as a habitual offender under Section 99-19-81 of the Mississippi Code. In support of this motion, the State alleged that Thomas previously had been convicted of burglary, receiving stolen property, and arson, and had received at least a one-year prison sentence for each conviction. Thomas claimed that he was not aware that he had three prior convictions, but admitted that he was eligible for habitual-offender sentencing. Accordingly, the trial court granted the State's motion to amend Thomas's indictment.

¶6.     At Thomas's trial, the State admitted into evidence surveillance video and photographs from Sam's Club on the night in question and played the video for the jury. Darby testified that the televisions Thomas stole were Samsung 60-inch 3D LED smart televisions, each valued at $2,678.[2] Darby also confirmed that no one had purchased the

_____

[1] Thomas was being held in police custody in Hancock County on unrelated charges and was transferred to the Gulfport Police Department.

[2] "Any merchant or his agent or employee may testify at trial as to the stated price or ownership of merchandise." Miss. Code Ann. § 97-23-93(4) (Rev. 2014).

televisions. The State also called Ledet as a witness. Ledet had pleaded guilty to one count of felony shoplifting prior to Thomas's trial and had received a three-year prison sentence. Ledet testified that he and Thomas had gone to Sam's Club to purchase an iPad Mini tablet, but the store was sold out. Ledet contended that he did not know that Thomas had intended to steal the televisions. He also admitted that he had provided several different stories to the police about why he had gone to the Sam's Club and whether he was with anyone else.

¶7.     Thomas moved for a directed verdict at the close of the State's case-in-chief, which was denied. Thomas did not testify, nor did he present any other evidence in his defense. At the conclusion of trial, the jury returned a verdict finding Thomas guilty of felony shoplifting. The trial court then held a hearing on Thomas's habitual-offender status. The State presented sentencing orders showing that Thomas previously had been convicted of three felonies in Harrison County Circuit Court. On September 15, 2003, Thomas pleaded guilty to burglary of a dwelling and receiving stolen property. Thomas received a ten-year sentence for burglary and a five-year sentence for receiving stolen property. The State also presented the indictment for these charges, which indicated that the two offenses occurred on different dates. In addition, on February 28, 2011, Thomas pleaded guilty to first-degree arson. Thomas received an eight-year sentence for this conviction. Based on this evidence, Thomas qualified as a habitual offender under Section 99-19-81. Because the value of the property stolen was at least $5,000 but less than $25,000, Thomas was sentenced under Section 97-17-41(2) to serve ten years in the custody of the Mississippi Department of Corrections (MDOC) without the possibility of parole.

4

¶8.    Following the denial of his post-trial motions, Thomas filed a notice of appeal with this Court.

## DISCUSSION

¶9.    Thomas's appellate counsel has filed a ***Lindsey*** brief,[3] asserting that he has scoured the record and has been unable to identify any issues warranting appellate review. Thomas has filed a pro se supplemental brief challenging his sentence. In ***Lindsey v. State***, 939 So. 2d 743, 748 (Miss. 2005), this Court established a procedure "to govern cases where appellate counsel represents an indigent criminal defendant and does not believe his or her client's case presents any arguable issues on appeal[.]" In such a case, the defendant's attorney must certify in his or her brief that:

> there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding the arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

***Id.*** The attorney must send a copy of this brief to the defendant, inform the defendant that no appealable issues have been identified, and notify the defendant of the right to file a pro se brief. ***Id.*** After receiving a ***Lindsey*** brief, this Court will review the record and any pro se brief filed by the defendant to determine whether any arguable issue exists. ***Id.*** If arguable issues are identified by this Court, the defendant's appellate counsel will be required to submit supplemental briefing on those issues. ***Id.***

---

[3] ***Lindsey v. State***, 939 So. 2d 743 (Miss. 2005).

¶10. We submit that Thomas's appellate counsel's brief meets the requirements of *Lindsey*. The State agrees with Thomas's counsel that no arguable issues exist and asks this Court to affirm Thomas's conviction and sentence. Thomas has filed a pro se brief raising two issues, both of which are related to his sentence. First, Thomas argues that the trial court erred in its application of the grand-larceny sentencing statute. Second, Thomas asserts that the trial court erred in sentencing him as a habitual offender. We addresses each of these arguments separately below.

## I. Whether the trial court misapplied Section 97-17-41 in sentencing Thomas.

¶11. The crime of shoplifting is considered a felony if the merchant's stated price for the merchandise in question exceeds $1,000. Miss. Code Ann. § 97-23-93(7) (Rev. 2014). Section 97-23-93 provides that a person convicted of felony shoplifting shall be sentenced "as provided in Section 97-17-41 for the offense of grand larceny." *Id.* Section 97-17-41 contains several graduated sentencing options based on the value of the property in question. In this case, the trial court sentenced Thomas under Section 97-17-41(2), which provides:

> Any person who shall be convicted of taking and carrying away, feloniously, the personal property of another, of the value of Five Thousand Dollars ($5,000.00) or more, but less than Twenty-five Thousand Dollars ($25,000.00), shall be guilty of grand larceny, and shall be imprisoned in the Penitentiary for a term not exceeding ten (10) years; or shall be fined not more than Ten Thousand Dollars ($10,000.00), or both. The total value of property taken and carried away by the person from a single victim shall be aggregated in determining the gravity of the offense.

Miss. Code Ann. § 97-17-41(2) (Rev. 2014). Thomas was sentenced under this provision based on Darby's testimony that the televisions had a combined value of $5,356.

6

¶12.    On appeal, Thomas claims that the trial court erred in its application of the grand-larceny sentencing statute. Thomas contends that the value of the property in question must be at least $5,500, rather than $5,000, for a person to be sentenced under Section 97-17-41(2).  In support of this position, Thomas alleges that the Mississippi Legislature passed a law in 2017 that requires a $500 "sale tax" to be added to the values in the shoplifting and grand-larceny statutes. Thus, Thomas claims that he cannot be sentenced to ten years' imprisonment because the items he stole did not meet this $5,500 threshold.

¶13.    We find Thomas's argument to be without merit. "[S]entencing is at the discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute." *Nichols v. State*, 826 So. 2d 1288, 1291 (Miss. 2002).  Section 97-17-41(2) clearly provides for a maximum sentence of ten years' imprisonment for larceny of property valued at $5,000 or more, but less than $25,000. Miss. Code Ann. § 97-17-41(2) (Rev. 2014). Sections 97-17-41 and 97-23-93 were last amended in 2014, and no other statute affects the values contained in Section 97-17-41. Thomas's claim that such a law exists is insufficient to vacate his sentence.  *See Simmons v. State*, 505 So. 2d 452, 487 (Miss. 2001) ("Failure to cite relevant authority obviates the appellate court's obligation to review such issues."). Because the State presented evidence that the televisions Thomas stole were valued at $5,356, the trial court did not err in sentencing Thomas to ten years' imprisonment under Section 97-17-41(2).

**II.    Whether the trial court erred in sentencing Thomas as a habitual offender.**

¶14. Section 99-19-81 requires the trial court to sentence a defendant to the maximum prescribed term of imprisonment, without eligibility for parole or probation, under the following circumstance:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

Miss. Code Ann. § 99-19-81 (Rev. 2015). Here, the trial court found that Thomas previously had been convicted of three separate felonies – burglary, receiving stolen property, and arson – and had been sentenced to a term of at least one year in the custody of MDOC for each prior offense. Accordingly, Thomas was sentenced to ten years' imprisonment, the maximum term allowed by Section 97-17-41(2), without the possibility of parole.

¶15. On appeal, Thomas asserts that the trial court erred in sentencing him as a habitual offender because he has served time in prison only once. This argument is without merit, because a defendant is not required to have actually served time in prison for Section 99-19-81 to apply. Rather, the relevant inquiry is whether the defendant was *sentenced* to a term of imprisonment of one year or more for two prior felony convictions. *See* Miss. Code Ann. § 99-19-81 (Rev. 2015). [4] Here, the State presented evidence that Thomas previously had been convicted of (1) burglary of a dwelling, for which he received a ten-year sentence, (2)

---

[4] In contrast, Section 99-19-83 requires that the defendant had been sentenced to *and had served* terms of one year or more for two prior felony convictions, one of which must have been for a crime of violence. *See* Miss. Code Ann. § 99-19-83 (Rev. 2015).

8

receiving stolen property, for which he received a five-year sentence, and (3) arson, for which he received an eight-year sentence. While the burglary charge and receiving-stolen-property charge were brought in the same indictment, the underlying offenses occurred on separate dates and involved separate victims. Accordingly, these two charges were "separately brought and arising out of separate incidents" under Section 99-19-81. *See **Kolb v. State***, 568 So. 2d 288, 289 (Miss. 1990) ("[T]he mere form of presenting two charges as separate counts of a single information (or indictment) in no way merges those charges except for the limited purpose of judicial economy."). But even if these charges could not be considered separately from each other, they certainly are separate from Thomas's arson conviction, which was imposed in 2011. Whether Thomas actually served time in prison for these prior offenses is irrelevant. *See **Jackson v. State***, 381 So. 2d 1040, 1042 (Miss. 1980) ("[W]e think the statutory intention [of Section 99-19-81] is satisfied where . . . the accused has been twice previously adjudged guilty of distinct felonies upon which sentences of one year or more have been pronounced, irrespective of subsequent probation or suspension of the sentences."). Based on the evidence presented by the State, we find that the trial court did not err in finding that Thomas was a habitual offender under Section 99-19-81.

### III. Whether the record contains any other arguable issue warranting appellate review.

¶16. As part of the *Lindsey* procedure, this Court must determine, based on a review of the record and any pro se brief filed, whether any arguable issue exists. *Lindsey*, 939 So. 2d at 748. After a thorough review of the record, including the indictment, all pretrial and post-

9

trial motions, the trial transcript, and the trial exhibits, we find that no arguable issues exist warranting appellate review.

## CONCLUSION

¶17.   For the foregoing reasons, we affirm Thomas's conviction and sentence.

¶18.   **AFFIRMED.**

**RANDOLPH AND KITCHENS, P.JJ., KING, COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR.**