# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KA-01691-COA

**MERLIN KENT WILLIAMS A/K/A MERLIN WILLIAMS A/K/A MARVIN KENT WILLIAMS**                 APPELLANT

**v.**

**STATE OF MISSISSIPPI**                 APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 11/16/2017 |
| TRIAL JUDGE: | HON. CHRISTOPHER LOUIS SCHMIDT |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: MOLLIE MARIE McMILLIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| DISTRICT ATTORNEY: | JOEL SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 04/16/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., WESTBROOKS AND LAWRENCE, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     Merlin Williams appeals his conviction for one count of aggravated assault in the Harrison County Circuit Court.  After a jury trial, Williams was convicted and sentenced to twenty years in the custody of the Mississippi Department of Corrections (MDOC) with fifteen years to serve and five years suspended.  Aggrieved, Williams filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a motion for a new trial. The circuit court denied Williams's motion, and he timely appeals.

**FACTS**

¶2.     In July 2016, Eddwena Myles was residing with Fredia Henry at her home in Gulfport, Mississippi. Myles and Williams had been dating for approximately four years, and Williams was spending the night with Myles on the night he stabbed her. Myles testified that Williams stabbed her in the chest as she got out of bed to go to the restroom. When she told him that he stabbed her and it hurt, he responded he knew that. Myles stated that she reached for the door and Williams stabbed her again, cutting her arms, and he stated that he must kill her. When she asked why he was acting this way, Williams stated that he would receive one million dollars if he killed her. As a result of the stabbing, Myles had a collapsed lung and damage to her kidneys and spleen.

¶3.     At trial, Henry testified that she yelled out for Myles to open the door and that Williams left the room and then the house with knife in hand. She stated that she found Myles slumped over the bed. Williams testified that not only did he not stab Myles but also that he was not present in the home when the assault occurred.

¶4.     After a two-day jury trial, Williams was convicted of aggravated assault and was sentenced to twenty years in the custody of the MDOC, with fifteen years to serve and five years suspended. Subsequently, Williams filed a motion for a JNOV or a new trial. The circuit court denied his motion, and he timely appeals.

**DISCUSSION**

¶5.     Williams's appellate counsel filed a *Lindsey*[1] brief asserting that there are no issues

---

[1] *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005).

warranting appellate review. The Mississippi Supreme Court has established a procedure "to govern cases where appellate counsel represents an indigent criminal defendant and does not believe his or her client's case presents any arguable issues on appeal." *Thomas v. State*, 247 So. 3d 1252, 1256 (¶9) (Miss. 2018) (citing *Lindsey v. State*, 939 So. 2d 743, 748 (¶17) (Miss. 2005)).

> First, appellate counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-[(5), (8)]. Second, counsel must certify in his or her brief that: there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing. Third, counsel must send a copy of his brief to the defendant, inform the defendant that counsel could not find any appealable issues, and advise the client of the right to file a pro se brief. Fourth, the appellate court will determine, based on its review of the record and any pro se brief filed, if there is any arguable issue. If so, the court will require appellate counsel to submit supplemental briefing on that issue, regardless of the probability of the defendant's success on appeal. Last, once briefing is complete, the appellate court must consider the case on the merits and render a decision.

*Taylor v. State*, 162 So. 3d 780, 783 (¶4) (Miss. 2015).

¶6.     Here, Williams's appellate counsel has complied with the requirements set forth. The State agreed and requested that Williams's conviction be affirmed. Williams has filed a supplemental pro se brief, and in his "Statement of Issues for Review" he lists ten issues: (1) deprivation of liberty and life; (2) due process; (3) cruel and unusual punishment; (4) false imprisonment; (5) lack of evidence; (6) ineffective assistance of counsel; (7) plain error; (8) beyond a reasonable doubt; (9) prejudicial conduct; and (10) prosecutorial misconduct.

After review of the record and Williams's pro se brief, we do not find that any additional briefing by counsel is warranted and affirm Williams's conviction. But, we will briefly address Williams's claims raised in his pro se brief.

¶7. At the crux of Williams's claims in his pro se brief is the misspelling of his name. Williams asserts that "Merlin Kent Williams" was convicted and sentenced, not "Merlin LKent Williams"—the correct spelling of his name and who he is. Williams states that because of this misidentification, he was deprived of his life and liberty as well as due process because he was the wrong person on trial. He also states that he suffered cruel and unusual punishment and false imprisonment.[2]

¶8. Following the lead of the Mississippi Supreme Court, "[t]his Court declines to consider matters which were never presented or argued in the trial court and are not part of the record before us today." *Johnson v. State*, 235 So. 3d 1404, 1415 (¶39) (Miss. 2017). Further, "[t]his Court is not bound to address assertions of error where a party fails to cite caselaw in support of their argument." *Nicholson ex rel. Gollott v. State*, 672 So. 2d 744, 751 (Miss. 1996).

¶9. Here, at no point in the record does Williams address the missing letter in his name, and he cites no supporting caselaw on appeal. Williams's pro se brief states and restates his argument that he is not "Merlin Kent Williams"—the person he argues was intended to be indicted. Moreover, during trial, when asked to state his full name, Williams replied, "Merlin Kent Williams." Additionally, Myles identified him in court:

---

[2] Although Williams lists ten issues for review, he only discusses the first four in his brief.

4

Q      Ms. M[y]les, I want to ask you, do you see the person who stabbed you in the courtroom today?

A.     Yes, ma'am.

Q.     And who is that person?

A.     Merlin Williams.

. . . .

Q.     Where is he?

A.     Sitting over there.

MS. SIMPSON:      We would like the record to reflect that she identified the defendant Your Honor.

¶10.   Lastly, "[i]ssues cannot be decided based on assertions from the briefs alone." *Id.*; *see also* M.R.A.P. 28(b) ("[A pro se supplemental brief in a criminal appeal] may address issues not raised by counsel, but such issues must be based on the record."). We decline to address Williams's claim regarding ineffective assistance of counsel because the issue is better preserved in and more properly heard through a motion for post-conviction relief. *See Johnson v. State*, 191 So. 3d 732, 735-36 (¶39) (Miss. Ct. App. 2015). The determination regarding the ineffective assistance claim does not prohibit Williams from applying for the Mississippi Supreme Court's leave to file a motion for post-conviction relief. We find Williams's other claims raised on appeal without merit. We therefore affirm Williams's conviction and sentence.

¶11.   **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**