# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2023-KA-01189-SCT

*JIMMY CHARLES McCLAIN a/k/a JIMMIE*
*CHARLES McCLAIN*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/14/2023 |
| TRIAL JUDGE: | HON. CHARLES E. WEBSTER |
| TRIAL COURT ATTORNEYS: | ALISON LESLIE FLINT |
| | JAMIE MARIE BANKS |
| | WILBERT LEVON JOHNSON |
| COURT FROM WHICH APPEALED: | QUITMAN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: ZAKIA BUTLER |
| | GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: KATY TAYLOR SARVER |
| DISTRICT ATTORNEY: | BRENDA FAY MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 08/29/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KING, P.J., MAXWELL AND GRIFFIS, JJ.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1.     A Quitman County jury found Jimmy Charles McClain guilty of possession of a firearm by a convicted felon. McClain appealed. And his counsel filed a ***Lindsey***[1] brief certifying that she scoured the record searching for any arguable issues to present to this Court in good faith but found none.

---

[1] ***Lindsey v. State***, 939 So. 2d 743 (Miss. 2005).

¶2.     We also have searched the record and similarly conclude there are no arguable issues to review.  We thus affirm McClain's conviction and sentence.

## Background Facts & Procedural History

¶3.     In July 2022, McClain lived with his mother in Quitman County.  One night, McClain's nephew came by the house to check on his grandmother.  The nephew found McClain "talking crazy" and threatening his grandmother—McClain's mother—with a black handgun.  "[N]ext thing you know," the nephew testified, McClain "went to shooting" the gun into the air.  The nephew called 911.

¶4.     When officers arrived, they found McClain sitting in the doorway of the tool shed.  McClain had a black 9 mm handgun in his lap and a shotgun at his side.  As the officers approached, McClain threatened to shoot them.  One of the officers de-escalated the situation and convinced McClain to hand over the two firearms.

¶5.     A grand jury indicted McClain on one count of felon in possession of a firearm.  Miss. Code Ann. § 97-37-5(1) (Supp. 2021).  The indictment clearly referenced McClain's 1991 felony conviction for sale of a controlled substance.  At trial, the State introduced a certified copy of this conviction, over McClain's counsel's objection.  The State also introduced, over objection, photographs of the handgun and shotgun McClain had wielded and shot that night.

¶6.     McClain testified in his defense.  He admitted his 1991 felony conviction.  But he claimed he did not remember the incident that led to his present charge.  McClain's defense was that he lacked intent to knowingly and willfully possess the firearms. McClain explained that he takes multiple medications for a heart condition—and when he fails to take his

2

medication, he blacks out. As to the firearm incident, McClain claimed he had blacked out in the tool shed and woke up in jail the next morning. On cross-examination, McClain testified he was out of his medication. So he could not take it. But he had already testified on direct examination that officers retrieved his medication from his house the next day. And as he put it, he "had plenty to get me through the month."

¶7. The jury found McClain guilty of felon in possession of a firearm. The trial judge sentenced McClain to two years in prison, followed by three years' post-release supervision.

¶8. McClain timely appealed. His appointed counsel filed a *Lindsey* brief. *Lindsey*, 939 So. 2d at 748. McClain did not file a pro se supplemental brief.

### Discussion

¶9. "In *Lindsey* . . . , this Court established a procedure 'to govern cases where appellate counsel represents an indigent criminal defendant and does not believe his or her client's case presents any arguable issues on appeal[.]'" *Thomas v. State*, 247 So. 3d 1252, 1256 (Miss. 2018) (alteration in original) (quoting *Lindsey*, 939 So. 2d at 748). In the appellant's brief, defense counsel must certify that "there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly[.]" *Lindsey*, 939 So. 2d at 748. Specifically, counsel must certify he or she has examined: "(a) the reason for the arrest and the circumstances surrounding the arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing." *Id.*

3

¶10. Also, "[t]he attorney must send a copy of this brief to the defendant, inform the defendant that no appealable issues have been identified, and notify the defendant of the right to file a pro se brief." *Thomas*, 247 So. 3d at 1256 (citing *Lindsey*, 939 So. 2d at 748). "After receiving a *Lindsey* brief, this Court will review the record and any pro se brief filed by the defendant to determine whether any arguable issue exists." *Id.* (citing *Lindsey*, 939 So. 2d at 748).

¶11. McClain's counsel complied with the *Lindsey* procedures. In her brief, counsel certified she scoured the record and found no arguable basis for appeal. She further certified she examined each potential area for error outlined in *Lindsey*. She also sent McClain a copy of her brief. And on this Court's order, McClain was also sent a copy of the trial court record and given additional time to file a supplemental pro se brief. Though given the opportunity, McClain did not file an additional brief.

¶12. We also have carefully reviewed the record and find no questionable issues requiring supplemental briefing. *Lindsey*, 939 So. 2d at 748. McClain was ably represented by appointed counsel. During voir dire, no challenges were made to either side's for-cause or peremptory strikes. And during trial, though defense counsel—citing lack of a proper foundation—objected to the introduction of both the photographs of the firearms and the certified copy of McClain's 1991 conviction, the trial court properly overruled the objections. The State's evidence was sufficient to support McClain's conviction. And though McClain claimed he had no intent to possess his mother's firearms because he had blacked out due to not taking his medication, the jury was free to reject McClain's testimony as not credible,

4

which they apparently did.  Finally, McClain's two-year sentence is well within the ten-year statutory maximum.  Miss. Code Ann. § 97-37-5(2) (Supp. 2021).

¶13.    With no arguable basis to reverse McClain's conviction and sentence, we affirm.

¶14.    **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**