# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-KA-00963-COA

**GARY RAYMON RUSH A/K/A GARY RAYMOND RUSH A/K/A GARY R. RUSH A/K/A GARY RAMON RUSH**                    APPELLANT

v.

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/16/2024 |
| TRIAL JUDGE: | HON. RANDI PERESICH MUELLER |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: W. DANIEL HINCHCLIFF STACY L. FERRARO GARY RAYMON RUSH (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JULIANNE KAY BAILEY |
| DISTRICT ATTORNEY: | WILLIAM CROSBY PARKER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 10/21/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., McDONALD AND EMFINGER, JJ.**

**McDONALD, J., FOR THE COURT:**

¶1. Gary Raymon Rush was indicted and convicted in the Harrison County Circuit Court of one count of sexual battery under Mississippi Code Annotated section 97-3-95(1)(d) (Rev. 2020) and two counts of touching a child for lustful purposes under Mississippi Code Annotated section 97-5-23(1) (Rev. 2020). The court sentenced Rush "to serve thirty-five years on Count I, and fifteen years on Count II and fifteen years on Count III with Counts II

and III to run concurrently for a total of fifteen years, to run consecutively to Count I for a total of fifty years in [the custody of the Mississippi Department of Corrections]."

¶2. Rush appeals. Although his court-appointed appellate counsel found no arguable issue of merit on appeal and filed a *Lindsey* brief,[1] Rush, pro se, challenges the constitutionality of his indictment, which, he alleges, did not inform him that if he was convicted he would not be eligible for parole. Having reviewed the record and considered the arguments presented by Rush and the State, we find no error and affirm Rush's convictions and sentences.

**Facts and Procedural History**

¶3. On July 19, 2019, Rush was living with his wife, Kiera,[2] at the home of Kiera's sister, her husband, and their two children. One of the children, JNH, a twelve-year-old girl, slept in a bedroom down the hall from Rush and his wife.[3] That night, Kiera awoke and noticed that Rush was not in bed. Kiera went to JNH's bedroom and found Rush on top of the child. Kiera grabbed a lamp, started hitting Rush, and chased him out of the home. Kiera then called the police. JNH's mother arose as well and heard Kiera calling Rush a "child molester."

¶4. Officer Leo DeGeorge of the D'Iberville Police Department arrived. After gathering

---

[1] In *Lindsey v. State*, 939 So. 2d 743, 748 (¶18) (Miss. 2005), the supreme court set the procedure for appellate counsel representing an indigent criminal defendant when counsel believes the case presents no arguable issues on appeal.

[2] The record on appeal contains an alternative spelling "Keria." We follow the spelling used in the transcripts, which is "Kiera."

[3] To protect the child's privacy, she is referred to by initials only.

information about the incident, he photographed JNH's bedroom and took Rush into custody. At the station, Detective James Galloway questioned JNH, who was accompanied by her mother, and aunt Kiera. JNH told Galloway that Rush had come into her room and rubbed her arms, thighs, and breast. She said that this had happened on other nights and that at least one time Rush had placed his finger in her vagina. Rush was then charged with sexual battery and touching a child for lustful purposes. Kiera's mother took JNH to the hospital, where the child was examined by nurse practitioner Jennifer Jurich. JNH told Jurich what Rush had done to her. On August 2, 2019, the child was interviewed at the Gulfport Child Advocacy Center (GCAC).

¶5. On July 21, 2021, a Harrison County grand jury indicted Rush on three counts: Count I charged sexual battery in violation of section 97-3-95(1)(d) by engaging in the act of sexual penetration by inserting his finger into JNH's vagina;[4] Count II charged Rush with touching a child for lustful purposes in violation of section 97-5-23(1) by touching or rubbing his hand on JNH's breast; Count III charged him with touching a child for lustful purposes in violation

---

[4] Section 97-3-95(1) states:

A person is guilty of sexual battery if he or she engages in sexual penetration with:
      (a) Another person without his or her consent;
      (b) A mentally defective, mentally incapacitated or physically helpless person;
      (c) A child at least fourteen (14) but under sixteen (16) years of age, if the person is thirty-six (36) or more months older than the child; or
      (d) A child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child.

Miss. Code Ann. § 97-3-95(1).

of section 97-5-23(1) by handling, touching, or rubbing JNH's vagina with his hand.[5] The

indictment included that these offenses occurred between July 1 and July 19, 2019.

¶6.     In February 2023, Rush's counsel entered his appearance and filed a request for

discovery, a demand for a speedy trial, a motion to dismiss based on a violation of Rush's

right to a speedy trial, and a motion to suppress evidence. The State filed a motion to admit

the child's pretrial statements into evidence. The State also filed a motion to admit evidence

of a sexual offense other than the charged crime, and Rush filed a motion in limine regarding

prior criminal acts. The case was set for trial and continued several times.

¶7.     On April 12, 2024, the court held a "Tender Years" hearing to determine whether

witnesses could testify to the child's statements.[6] JNH's mother testified to events that night,

---

[5]  Section 97-5-23(1) provides:

> Any person above the age of eighteen (18) years, who, for the purpose of
> gratifying his or her lust, or indulging his or her depraved licentious sexual
> desires, shall handle, touch or rub with hands or any part of his or her body or
> any member thereof, or with any object, any child under the age of sixteen
> (16) years, with or without the child's consent, or a mentally defective,
> mentally incapacitated or physically helpless person as defined in Section
> 97-3-97, shall be guilty of a felony and, upon conviction thereof, shall be
> fined in a sum not less than One Thousand Dollars ($1,000.00) nor more than
> Five Thousand Dollars ($5,000.00), or be committed to the custody of the
> State Department of Corrections not less than two (2) years nor more than
> fifteen (15) years, or be punished by both such fine and imprisonment, at the
> discretion of the court.

Miss. Code Ann. § 97-5-23(1).

[6]  The trial court must determine that the child victim was a child of "tender years"
for the purpose of admitting hearsay testimony under the provisions of Mississippi Rule of
Evidence 803(25). *Veasley v. State*, 735 So. 2d 432, 434 (¶7) (Miss. 1999).

and Galloway testified about his interview with the child. Daniel Dooley, the GCAC interviewer, testified that JNH had said that Rush had come into her room, touched her private parts, including her vagina, placed her hand on his penis, and fondled her breasts. Dooley used drawings to help the child clarify the body parts that Rush touched. JNH told Dooley that this had happened on five other occasions. Dooley said JNH communicated well, understood well, and did not appear to have any mental health issues.

¶8. Rush was tried on April 16, 2024. The State called the following witnesses: JNH (who was now seventeen years old), Kiera, Officer DeGeorge, JNH's mother, Jennifer Jurich, Detective Galloway, and Daniel Dooley. The court allowed the witnesses to testify to JNH's statements at the time of the incident. JNH's mother, Galloway, and Dooley testified about the facts recited above and told the jury what they had told the court at the tender-years hearing. Jurich confirmed the child's statements made at the hospital. After the State rested, Rush moved for a directed verdict, which the court denied. Rush called no witnesses in his defense and did not testify. The jury found Rush guilty of all three counts.

¶9. On April 23, 2024, Rush filed a motion for a new trial or judgment notwithstanding the verdict (JNOV). He alleged that a new trial was required in the interests of justice, that the verdict was contrary to law or the weight of the evidence, and that the court erred in denying Rush's motion for a directed verdict and not giving a peremptory jury instruction. On May 1, 2024, Rush amended that motion but added no new grounds.

¶10. On May 13, 2024, the circuit court sentenced Rush to serve thirty-five years in the custody of the Mississippi Department of Corrections (MDOC) on Count I and fifteen years

5

each on Counts II and III, which were set to run concurrently with each other and consecutively to his sentence for Count I, for a total of fifty years in MDOC's custody. On May 20, 2024, Rush filed a motion to reconsider his sentence. He argued that his sentence of fifty years amounted to a life sentence and was excessive, and, therefore, he should have been afforded more peremptory challenges.

¶11. On July 22, 2024, the circuit court denied Rush's amended motion for a new trial or JNOV and his motion to reconsider his sentence. Rush filed his notice of appeal on August 9, 2024, and his court-appointed appellate counsel filed a *Lindsey* brief. In his pro se supplemental brief, Rush argues that his indictment was insufficient because it did not inform him that, if he was found guilty of his charges, he would be ineligible for parole.

**Standard of Review**

¶12. "Because the question of whether an indictment is fatally defective is an issue of law, the standard of review is de novo." *Fulton v. State*, 146 So. 3d 975, 977 (¶5) (Miss. 2014).

**Discussion**

¶13. Rush's appellate counsel reviewed the record and determined that Rush had no arguable issue to raise on appeal. "In *Lindsey v. State*, 939 So. 2d 743 (¶18) (Miss. 2005), this Court established a procedure to govern cases where appellate counsel represents an indigent criminal defendant and does not believe his or her client's case presents any arguable issues on appeal." *McClain v. State*, 393 So. 3d 1007, 1009 (¶9) (Miss. 2024) (quoting *Thomas v. State*, 247 So. 3d 1252, 1256 (¶9) (Miss. 2018)).

> Specifically, counsel must certify he or she has examined: (a) the reason for the arrest and the circumstances surrounding the arrest; (b) any possible

violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

*Id*. A defendant's appellate counsel must certify in the appellant's brief that "there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly." *Lindsey*, 939 So. 2d at 748 (¶18). The attorney must send a copy of the brief to the defendant, who then may file his or her own supplemental brief on appeal pro se. *Thomas*, 247 So. 3d at 1256 (¶10).

¶14. In this case, Rush's attorney filed a brief meeting all the requirements of *Lindsey* and provided Rush with a copy. Rush filed a pro se brief, raising the issue of the sufficiency of his indictment. The State responded, and Rush filed a reply brief.

¶15. Although Rush did not challenge the indictment during the circuit court proceedings, "challenges to the substantive sufficiency of an indictment may not be waived and consequently may be raised for the first time on appeal." *Pinkton v. State*, 408 So. 3d 657, 659 (¶9) (Miss. Ct. App. 2025) (quoting *Ross v. State*, 954 So. 2d 968, 1015 (¶126) (Miss. 2007) (quoting *State v. Berryhill*, 703 So. 2d 250, 254 (Miss. 1997))).

¶16. "The purpose of an indictment is to inform the defendant with some measure of certainty as to the nature of the charges brought against him so that he may have a reasonable opportunity to prepare an effective defense. The indictment shall contain the essential facts constituting the offenses charged and shall fully notify the defendant of the nature and cause of the accusation." *Hubbard v. State*, 269 So. 3d 368, 370 (¶7) (Miss. Ct. App. 2018) (quoting *Travelstead v. State*, 232 So. 3d 752, 758 (¶16) (Miss. Ct. App. 2017)). Using

language in an indictment that almost identically tracks the language of a statute is sufficient.

*McGilvary v. State*, 290 So. 3d 1273, 1279 (¶20) (Miss. Ct. App. 2020). In fact,

> [s]o long as from a fair reading of the indictment, taken as a whole, the nature and cause of the charge against the accused are clear, the indictment is legally sufficient. The ultimate test, when considering the validity of an indictment on appeal, is whether the defendant was prejudiced in the preparation of his defense.

*Id*.

¶17. In this case, Rush's indictment read:

Count I

SEXUAL BATTERY
Section 97-3-95(1)(d), Miss. Code of 1972, as amended

Gary Raymon Rush . . . on or between July 1, and July 20, 2019, being at the time in question twenty-four (24) or more months older that JNH did willfully, purposely, unlawfully, and feloniously commit Sexual Battery upon JNH, a child who was at the time in question under fourteen (14) years of age, by engaging in the act of sexual penetration, to-wit: by inserting his finger into the vagina of the said JNH, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Mississippi.

Count II

TOUCHING OF A CHILD FOR LUSTFUL PURPOSES
Section 97-5-23(1), Miss. Code of 1972, as amended

As part of the same common scheme or plan that:

Gary Raymon Rush . . . on or between July 1, 2019 and July 20, 2019, being at the time in question over the age of eighteen years, for the purpose of gratifying his lust or indulging his depraved licentious sexual desires, did unlawfully, willfully and feloniously handle, touch or rub with his hand the breast of JNH, a child who was at the time in question under the age of sixteen (16) years, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.

8

Count III

TOUCHING OF A CHILD FOR LUSTFUL PURPOSES
Section 97-5-23(1), Miss. Code of 1972, as amended

As part of the same common scheme or plan that:

> Gary Raymon Rush . . . on or between July 1, 2019 and July 20, 2019, being at the time in question over the age of eighteen years, for the purpose of gratifying his lust or indulging his depraved licentious sexual desires, did unlawfully, willfully and feloniously handle, touch or rub with his hand the vagina of JNH, a child who was at the time in question under the age of sixteen (16) years, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.

Comparing the indictment to the statutes defining sexual battery and touching a child for lustful purposes, we find that the indictment provided Rush with the essential elements of the offenses charged, along with sufficient facts to inform Rush of the charges against him and sufficient facts to enable him to plead double jeopardy in the event of future prosecution, as required in *Townsend v. State*, 188 So. 3d 616, 620 (¶13) (Miss. Ct. App. 2016) (quoting *Gilmer v. State*, 955 So. 2d 829, 836-37 (¶24) (Miss. 2007)).

¶18. Further, the indictment meets the requirements of the Mississippi Rules of Criminal Procedure. Rule 14.1(a) specifies that an indictment must include the essential facts and elements of the offense charged, the statute or provision of law violated, and other procedural details.[7] MRCrP 14.1(a). However, it does not require the indictment to include

---

[7] Mississippi Rule of Criminal Procedure 14.1(a) provides:

(1) Elements and Notice. The indictment upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts and elements constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation. Formal and technical

9

classifications of the crime that affect parole eligibility. The only enhanced punishment provision in Rule 14.1 is found in subsection (b) when an indictee has been previously convicted of a crime and would be considered a habitual offender.[8] There is no statutory requirement that the classification of crimes for a determination of eligibility for parole be included in an indictment.

¶19. Rush argues that because his sexual contact with JNH was not consensual, violence was an essential element of the crimes the State had to charge and prove. He contends that because the State was required to prove violence, then the indictment should have tracked the language of Mississippi Code Annotated section 97-3-2 (Rev. 2020), the statute that lists

---

words are not necessary in an indictment, if the offense can be substantially described without them.

[8] Mississippi Rule Criminal Procedure 14.1(b) provides:

When an indictee may be eligible for enhanced punishment because of one (1) or more prior convictions, the State shall either:

(1) specify such prior conviction(s) in the indictment, identifying each such prior conviction by the name of the crime, the name of the court in which each such conviction occurred and the cause number(s), the date(s) of conviction, and, if relevant, the length of time the accused was incarcerated for each such conviction; or

(2) after indictment, and at least thirty (30) days before trial or entry of a plea of guilty, file with the court formal notice of such prior conviction(s). The notice shall be served upon the defendant or the defendant's attorney and shall contain the same information specified in subsection (1) of this rule. An untimely-filed formal notice is permitted only when the thirty (30) day requirement is expressly waived, in writing, by the defendant. Clerical mistakes in such formal notice may, with leave of the court, be amended prior to the pronouncement of sentence.

10

crimes that are considered violent crimes. Although Rush makes this argument, he cites no authority (statutory or caselaw) as support. "Mississippi Rule of Appellate Procedure 28(a)(7) requires appellants to include 'argument on the contentions of appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on.'" *Rodriguez v. State*, 413 So. 3d 646, 657 (¶37) (Miss. Ct. App. 2025). Moreover, the authority cited must be used to develop the argument in a meaningful way. *Id*. Just as in *Rodriguez*, Rush provides no authority for his argument here, and the issue is waived. *Id*. ("[I]ssues not supported by 'meaningful argument' for appellate review are waived.").

¶20. Notwithstanding the waiver, Rush's argument fails for several reasons. First, Rush reasons that the sexual offenses he committed required a showing that JNH did not consent to his acts, or, as he claims, a showing of violence. However, both the sexual battery and lustful gratification statutes specifically state the act is a crime "with or without" the child's consent. *See supra* notes 4-5. The Mississippi Supreme Court has stated in statutory rape cases, "At the heart of [the statutory rape statute] is the core concern that children should not be exploited for sexual purposes regardless of their 'consent,'" as "[t]hey simply cannot appreciate the significance or the consequences of their actions." *Phillipson v. State*, 943 So. 2d 670, 672 (¶9) (Miss. 2006). Next, "the power to create and define criminal offenses rests exclusively within the authority of the Legislature." *Wilcher v. State*, 227 So. 3d 890, 895 (¶28) (Miss. 2017). Neither of the statutes defining sexual battery or touching a child for lustful purposes contain the word "violent," nor do they require the State to prove that the

battery or touching was done in a "violent" manner. Rush is trying to add an element to these criminal offenses that only the Legislature has the power to do. Finally, Rush was entitled to notice of the elements of sexual battery and touching a child for lustful purposes so he could prepare his defense to those charges. Rush has made no showing that his defense was impaired by the indictment's alleged failure to include the classification of the crimes for purposes of parole eligibility.

¶21. We also note that parole eligibility is governed by the Probation and Parole Law, and under Mississippi Code Annotated section 47-7-3(1)(b) (Supp. 2024), Rush is not eligible for parole because he committed registrable sex offenses under Mississippi Code Annotated section 45-33-23(h) (sexual battery and touching a child for lustful purposes).[9] Section 47-7-3(1)(b) specifically provides that persons convicted of sex offenses are not eligible for parole:

---

[9] Section 45-33-23(h) provides:

(h) "Sex offense" or "registrable offense" means any of the following offenses:

. . . .

(iv) Section 97-3-95 relating to sexual battery; however, conviction or adjudication under Section 97-3-95(1)(c) when the offender was eighteen (18) years of age or younger at the time of the alleged offense, shall not be a registrable sex offense;

. . . .

(vi) Section 97-5-23 relating to the touching of a child, . . . for lustful purposes[.]

Miss. Code Ann. § 45-33-23(1) (Rev. 2023).

12

Any person who has been sentenced for a sex offense as defined in Section 45-33-23(h) shall not be released on parole except for a person under the age of nineteen (19) who has been convicted under Section 97-3-67.

Thus, it is irrelevant whether the indictment contained language from section 97-3-2 because the crimes he committed were sex offenses that by their nature bar his parole eligibility.

## Conclusion

¶22. Finding that Rush's indictment was sufficient to provide him notice of the charges against him and finding that the indictments did not need to include any language concerning the classification of the crimes for purposes of parole eligibility, we affirm Rush's convictions and sentences.

¶23. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, LAWRENCE, McCARTY, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.**